Mr. Justice Thacher
delivered the opinion of the court.
The bill and its amendment, in the circuit court, in chancery, of Madison county, was filed to enjoin a judgment at law obtained by Bierne & House, for the use of Bierne, against Mills, *307 maker, and Buckner, indorser of a promissory note. The bill alleges, that since the judgment, Buckner has paid an amount much greater than the judgment at law upon a promissory note made by House, and indorsed by Buckner, for his accommodation, and discounted for the benefit of Bierne & House at the Clinton branch of the Commercial and Railroad Bank of Vicksburg ; that Mills is insolvent, and Bierne & House are nonresidents, and believed to be insolvent, and concludes by claiming a setoff at least equal to the original interest of House in the promissory note, upon which the judgment at law was obtained. The separate answer of Bierne admits the rendition of the judgment, and that House is insolvent, but denies the allegation of insolvency as to himself; it alleges that the assets of the firm of Bierne & House are insufficient to meet its liabilities, and that he has paid a large amount of the partnership debts, for which he expects no return from its assets or effects. The answer further denies, that the note indorsed by Buckner, for the accommodation of House, was for the use or benefit of Bierne & House, alleging that House had no authority to raise funds for the firm in the manner described, and did not do so within his knowledge and assent.
It is clear from the answer, that Bierne does not deny the material' allegation of the bill, that Buckner’s indorsement of the note of House was made, and that the note was discounted in bank for the use and benefit of the firm of Bierne & House. He alleges that no such discount was authorized or obtained with his knowledge or assent, and this is merely an allegation of a want of knowledge of any such discount. The denial that the note was made for the use or benefit of the firm is not absolute, but rests upon another allegation; that House had no authority to raise funds in that way. In order to warrant a dissolution of an injunction upon bill and answer, it is necessary that the answer should deny any material allegation with the same clearness and certainty as they are charged. 3 Bland’s Ch. 163.
The decree must be reversed and the cause remanded.